UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
HILARIO M. TAVERAS

              Plaintiff,

      -against-

PEP BOYS,

              Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

09 Civ. 2691 (BMC)(JMA)

**COGAN**, District Judge.

Plaintiff *pro se* brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*. Plaintiff claims that a supervisor made derogatory religious comments to him concerning his alleged status as an Eastern Orthodox Catholic priest. As part of this religious discrimination, plaintiff alleges that a company superior unreasonably delayed plaintiff's request to promote his assistant. His complaint may also involve allegations of disability discrimination, but this is unclear.

Defendant has moved to dismiss on the ground that the parties are subject to a mandatory arbitration agreement, duly executed by plaintiff. The arbitration agreement provides:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), whether or not arising out of my assignment/employment, or the termination of my assignment/employment that the Company may have against me or that I may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise. The claims covered by this Agreement include, but are not limited to, claims for compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claim for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, or medical condition, handicap or disability claims for benefits, (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one), and claims for violation of any

federal, state, or other governmental law, statute, regulation, or ordinance except claims excluded in the following paragraph.

The agreement further provides that "any arbitration shall be in accordance with the then-current Model Employment Arbitration Procedures of the American Arbitration Association ... ."

Plaintiff does not dispute that he signed the arbitration agreement and that his claims are arbitrable. Rather, he contends that he did, in fact, demand arbitration. He has annexed a copy of an undated and unaddressed letter, which was apparently sent to defendant and its attorneys in reply to defendant's opposition to plaintiff's EEOC claim.

However, the letter is not a demand for arbitration. It is, instead, what it purports to be, i.e., a reply to the arguments that defendant made to the EEOC. It nowhere uses the word arbitration. There is no evidence that it was sent by registered mail, return receipt requested, to defendant's Vice President of Human Resources at the address listed in the arbitration agreement, as the arbitration agreement requires. No copy was submitted to the American Arbitration Association so it could commence the arbitrator selection process as set forth in the agreement and the rules of that Association. See American Arbitration Association, Employment Arbitration Rules and Mediation, Rule 4 ("The initiating party ... shall ... [f]ile a written notice ... of its intention to arbitrate at any office of the AAA ... ."). Instead of requesting arbitration, the letter asked "for the alleviations [sic] and modification of these circumstances, or else I shall have to employ the most stern measures allowed by law to justify my claims and refute the counter claims proposed in your statement." Thus, at most, the letter was a threat to commence litigation or arbitration, not a demand that defendant participate in arbitration.

Moreover, the record before me shows that, once defendant appeared in this action, it repeatedly attempted to persuade plaintiff informally to take the matter to arbitration. Plaintiff failed to respond to any of these efforts.

There is a strong federal policy in favor of arbitration. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-25, 111 S.Ct. 1647 (1991); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927 (1983). Courts now uniformly hold that Title VII and other employment discrimination claims are fully amenable to arbitration. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123, 121 S.Ct. 1302 (2001) ("The Court has been quite specific in holding that arbitration agreements can be enforced under the [Federal Arbitration Act] without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law[.]").

Under these circumstances, plaintiff's complaint must be dismissed without prejudice pursuant to the arbitration agreement. His submission in connection with the EEOC proceeding cannot reasonably be construed as a demand to arbitrate since it complies with none of the requirements of the agreement that he signed. Cf. I.L.G.W.U. Nat. Retirement Fund v. Meredith Grey, Inc., 94 Fed. Appx. 850 (2d Cir. 2003) (party "*never* properly initiated arbitration" because the parties' agreement "clearly states that '[a]ny arbitration' must proceed under rules set forth by the American Arbitration Association" and party "concede[d] that, to date, it has neither filed copies of the notice to arbitrate at the AAA regional office nor paid an administrative fee ... .") (emphasis in original). As noted above, plaintiff concedes that he is bound by the arbitration agreement, and his refusal to respond to defendant's overtures to proceed to arbitration after he commenced this litigation casts doubt upon his claim that he previously intended to initiate arbitration. If, on the other hand, plaintiff is sincere his professed desire to proceed to

arbitration, he will suffer no prejudice by dismissal of this action in favor the parties' selected method of alternative dispute resolution.

## CONCLUSION

Defendant's motion to dismiss is granted. The complaint is dismissed without prejudice to such rights as plaintiff may have to pursue his claim through arbitration.

A copy of this Memorandum Decision and Order, as well as a copy of the unpublished decision cited above will be mailed by Chambers to plaintiff *pro se*.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
October 30, 2009